UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**ANDRES GARCIA, TUGSBILEGT**
**GONGOR, and DMITRO**                         Case No.
**MIKHAYLOVSKY**, individually, and on
behalf of others similarly situated,

                     Plaintiffs,

vs.

**IDAVM GROUP ENTERPRISES, INC.,**
**IDAVM MULTI GROUP ENTERPRISES,**
**INC., MARINOV IM EMPIRE, INC.,**
**MARINOV IM POWER, INC., d/b/a**
**Sarpino's Pizzeria and IVAN MARINOV**,

                     Defendants.

---

### <u>COLLECTIVE/CLASS ACTION COMPLAINT</u>
### <u>AND JURY DEMAND</u>

Plaintiffs, ANDRES GARCIA ("Plaintiff Garcia"), TUGSBILEGT GONGOR ("Plaintiff

Gongor") and DMITRO MIKHAYLOVSKY ("Plaintiff Mikhaylovsky")(hereinafter collectively

referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, bring this

Complaint against Defendants, MARINOV IM EMPIRE, INC., MARINOV IM POWER, INC.,

IDAVM GROUP ENTERPRISES INC., IDAVM MULTI GROUP ENTERPRISES, INC. (d/b/a

Sarpino's Pizzeria) and IVAN MARINOV (hereinafter collectively referred to as "Defendants"),

and state as follows:

### I.    <u>INTRODUCTION</u>

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and

Fed. R. Civ. P. 23.

2.      Plaintiff Garcia is a former nonexempt hourly employee who worked for Defendants as an assistant manager, insider and delivery driver. Plaintiff Garcia routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3.      Plaintiff Gongor is a former nonexempt hourly employee who worked for Defendants as a delivery driver and who drove his own automobile to deliver pizza and other food items to Defendants' customers. Defendants failed to reimburse Plaintiff Gongor for any costs of operating his vehicle during these deliveries. Plaintiff Gongor's automobile and mileage costs were substantial, such that his actual regular rate of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here, the mileage costs—reimburses their employer. In addition, Plaintiff Gongor routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the FLSA.

4.      Plaintiff Mikhaylovsky is a former nonexempt hourly employee who worked for Defendants as an assistant manager, insider and delivery driver and who drove his own automobile to deliver pizza and other food items to Defendants' customers. Defendants failed to reimburse Plaintiff Mikhaylovsky for any costs of operating his vehicle during these deliveries. Plaintiff Mikhaylovsky's automobile and mileage costs were substantial, such that his actual regular rate of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here, the mileage costs—reimburses their employer. In addition, Plaintiff Mikhaylovsky routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the FLSA.

5.     Plaintiffs ask this Court to certify a class of similarly situated employees, to wit:

*All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants at any time from May 17, 2015 through the date of judgment.*

## II.    JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

7.     Additionally, this Court has jurisdiction over Plaintiffs' collective action FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8.     Defendants' annual sales exceed $500,000, and Defendants employ more than two employees. Therefore, the FLSA applies in this case on an enterprise basis. Defendants' employees—including Plaintiffs—engage in interstate commerce; therefore, Plaintiffs are also covered by the FLSA on an individual basis.

9.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as their federal claims.

10.     This Court has personal jurisdiction over Defendants because their Sarpino's Pizzeria restaurants are located in Cook and DuPage Counties, Illinois. Moreover, upon information and belief, the individual Defendant (Ivan Marinov) resides in Cook County, Illinois.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district and a substantial portion of the events that give rise to Plaintiffs' claims occurred in this district.

12.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Cook and DuPage Counties, Illinois. Specifically, Defendants employed Plaintiffs and the putative collective action members at their Sarpino's Pizzeria restaurants located in Cook and DuPage Counties. Therefore, this action is properly assigned to the Eastern Division.

### III.     PARTIES

**A.     Plaintiffs**

13.     Plaintiffs are former nonexempt hourly employees who worked for Defendants as assistant managers, insiders, and/or delivery drivers.

14.     Plaintiff Garcia resides in Cook County, Illinois. Defendants employed Plaintiff Garcia as an assistant manager, insider and delivery driver at their Sarpino's Pizzeria restaurant located at 5321 South La Grange Road, Countryside, Illinois 60525 ("La Grange Sarpino's") from approximately February 2013 until February 2018. At all times material hereto, Plaintiff Garcia regularly worked for Defendants six days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff Garcia for the above-described work through the payment of an hourly wage, equal to $11.00 per hour in 2015-2016 and $10.00 per hour in 2017-2018. Plaintiff Garcia signed a consent form to join this lawsuit, which is attached hereto as *Exhibit 1*.

15.     Plaintiff Gongor resides in Cook County, Illinois. Defendants employed Plaintiff Gongor as a delivery driver at La Grange Sarpino's from approximately October 2014 until February 2018. At all times material hereto, Plaintiff Gongor regularly worked for Defendants five days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff Gongor for such work through the payment of an hourly wage, starting at $7.00 per hour and rising to $8.00 per hour at the time of

his resignation. Plaintiff Gongor signed a consent form to join this lawsuit, which is attached hereto as *Exhibit 2*.

16.     Plaintiff Mikhaylovsky resides in Cook County, Illinois. Defendants employed Plaintiff Mikhaylovsky as an insider, delivery driver and assistant manager at La Grange Sarpino's from approximately June 2013 or June 2014 until January 2018.[1] At all times material hereto, Plaintiff Mikhaylovsky regularly worked for Defendants five days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff Mikhaylovsky for the above-described work through the payment of an hourly wage, starting at $7.00 per hour and rising to $8.50 per hour at the time of his resignation. Plaintiff Mikhaylovsky signed a consent form to join this lawsuit, which is attached hereto as *Exhibit 3*.

17.     Plaintiffs regularly worked more than 40 hours per workweek but were never paid the required premium for those overtime hours as required by the FLSA.

18.     In addition, Plaintiffs Gongor and Mikhaylovsky ("Plaintiff-Drivers") drove their own automobiles to deliver pizza and other food items to Defendants' customers but were never reimbursed for any costs associated with operating their vehicles during these deliveries. Plaintiff-Drivers' automobile and mileage costs were substantial, such that their actual regular rates of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here, the mileage costs—reimburses their employer.

19.     In addition to delivering pizza and other food items to Defendants' customers, Plaintiff-Drivers performed other duties at the direction of Defendants including but not limited

---

[1] In early 2016, Plaintiff Mikhaylovsky resigned from his position, but returned to work for Defendants approximately eight or nine months later.

to: folding pizza boxes, washing dishes, answering phones, taking orders from customers, boxing and preparing orders, stocking coolers, mixing the sauce, unloading trucks, sweeping and mopping the floors, cleaning the counters, taking out the trash, baking the pizza, cutting the cheese, proofing and cutting the dough, and other prep work. Defendants did not pay Plaintiff-Drivers a split rate. Rather, Defendants paid Plaintiff-Drivers the same hourly rate for both delivery and non-delivery work.

**B.** **Defendants**

20. Marinov IM Empire, Inc. (formerly known as Sarpino's IM Empire, Inc.) (hereinafter referred to as "IM Empire") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 70114569. IM Empire is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

21. Marinov IM Power, Inc. (formerly known as Sarpino's IM Power, Inc.) (hereinafter referred to as "IM Power") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 70114518. IM Power is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

22. IDAVM Group Enterprises, Inc. (formerly known as Sarpino's Pizza Powerhouse, Inc.) (hereinafter referred to as "IDAVM Group") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 67993144. IDAVM Group is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

23. IDAVM Multi Group Enterprises, Inc. (formerly known as Sarpino's Multi Group Enterprises, Inc.) (hereinafter referred to as "IDAVM Multi Group") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 68374987. IDAVM Multi Group is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

24. Ivan Marinov ("Marinov") is a resident of Cook County, Illinois and is the President and Secretary of IM Empire, IM Power, IDAVM Group, and IDAVM Multi Group. Marinov is subject to the personal jurisdiction of this Court and can be served with process at his residence located at 502 47th Street, Western Springs, Illinois 60558-1659, or wherever he can be found.

25. Marinov and the corporate entity defendants identified above are joint employers doing business collectively as Sarpino's Pizzeria - a fast food restaurant chain specializing in pizza, with international operations headquartered in Singapore and U.S. operations headquartered in the Chicago suburb of Lincolnshire, Illinois. Marinov, in concert with the corporate entity defendants identified above, owns and/or manages at least six Sarpino's Pizzeria restaurants, located at the following addresses:

        a. 5321 South La Grange Road, Countryside, Illinois 60525;

        b. 5110 North Harlem Avenue, Harwood Heights-Chicago, Illinois 60706;

        c. 643 West North Avenue, Elmhurst, Illinois 60126;

        d. 922 Roosevelt Road, Glen Ellyn, Illinois 60137;

        e. 2428 Main Street, Evanston, Illinois 60202; and

        f. 322-140 West Army Trail Road, Bloomingdale, Illinois 60108.

26. In connection with the operation of their Sarpino's Pizzeria restaurants,

Defendants employ certain nonexempt, hourly-paid workers as managers, assistant managers, delivery drivers, insiders and cooks.

## IV. ENTERPRISE COVERAGE

27. At all times material hereto, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

28. At all times material hereto, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29. At all times material hereto, Plaintiffs and other employees of Defendants utilized and handled goods that moved in interstate commerce in the furtherance of the commercial purpose of Defendants including food, food-packaging materials, vehicles, gasoline, engine oil and cell phones.

30. At all times material hereto, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

31. At all times material hereto, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

## IV. EMPLOYER/EMPLOYEE RELATIONSHIP

32. At all times material hereto, Defendants were an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

33. At all times material hereto, Plaintiffs were "employees" of Defendants as defined in 29 U.S.C. § 203(e)(1).

34.     At all times material hereto, Marinov exercised operational control over Plaintiffs' work activities.

35.     At all times material hereto, Marinov was involved in the day-to-day operation of Defendants.

36.     At all times material hereto, Defendants vested Marinov with supervisory authority over Plaintiffs.

37.     At all times material hereto, Marinov exercised supervisory authority over Plaintiffs.

38.     At all times material hereto, Marinov scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

39.     At all times material hereto, Marinov exercised authority and supervision over Plaintiffs' compensation.

40.     At all times material hereto, Marinov was an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

41.     At all times material hereto, Defendants' managers exercised supervisory authority over Plaintiffs.

42.     At all times material hereto, Defendants exercised the authority to impose discipline upon their employees, including warnings, suspensions, and terminations.

43.     At all times material hereto, Defendants paid all costs associated with advertising, marketing, and promoting Defendants' business.

44.     At all times material hereto, the work performed by Plaintiffs was integral to Defendants' business purpose (*i.e*., a pizza restaurant).

45.     At all times material hereto, Plaintiffs did not invest in Defendants' business such that they shared any significant risk of loss.

46.     At all times material hereto, Plaintiffs did not utilize any special skills in the course of their work for Defendants.

47.     At all times material hereto, Plaintiffs did not exercise independent business judgment in the course of their work for Defendants.

48.     At all times material hereto, Defendants exercised significant, if not total control over the amount of Plaintiffs' pay.

49.     At all times material hereto, Defendants exercised significant, if not total control over Plaintiffs' work hours.

50.     At all times material hereto, Defendants exercised significant control over how Plaintiffs' work was performed.

51.     At all times material hereto, Plaintiffs did not solicit customers themselves, and all Plaintiffs' efforts were directed at serving the customers of Defendants.

52.     At all times material hereto, as a matter of economic reality, Plaintiffs were "employees" as that term is used in the FLSA, rather than independent contractors.

53.     At all times material hereto, Defendants were Plaintiffs' "employers" as defined in 29 U.S.C. § 203(d).

## V.     <u>LACK OF EXEMPTION</u>

54.     At all times material hereto, Plaintiffs were paid on an hourly basis.

55.     At all times material hereto, Defendants did not employ Plaintiffs in a bona fide professional, administrative, or executive capacity within the meaning of 29 U.S.C. § 213(a).

56.     At all times material hereto, Defendants did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213(a).

57.     At all times material hereto, Plaintiffs were not exempt from the minimum wage or overtime requirements of the FLSA by reason of any exemption.

## VI.     ADDITIONAL MINIMUM WAGE FACTUAL ALLEGATIONS

58.     The FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a minimum rate of $7.25 per hour. 29 U.S.C § 206.

59.     At all times material hereto, Defendants paid Plaintiff-Drivers an hourly wage, starting at $7.00 per hour, exclusive of tips.

60.     At all times material hereto, Plaintiff-Drivers averaged a $3.00 tip per delivery, but Defendants deducted a 20 to 30 cent credit card processing fee from each credit card tip.

61.     At all times material hereto, Defendants required their delivery drivers to maintain and pay for safe, legally operable, and insured vehicles when delivering pizza and food items.

62.     At all times material hereto, Plaintiff-Drivers used their own automobiles to deliver pizza and other food items to Defendants' customers.

63.     At all times material hereto, Plaintiff-Drivers' average delivery distance was approximately four to five miles, but they would sometimes deliver to locations ten or more miles away.

64.     At all times material hereto, Plaintiff-Drivers averaged approximately two to three deliveries per hour and 15-20 deliveries per shift.

65.     At all times material hereto, Plaintiff-Drivers drove over 100 miles per workday delivering pizza and other food items to Defendants' customers.

66.     As a result of using their own automobiles for Defendants' delivery service, Plaintiff-Drivers incurred expenses for gasoline, insurance, depreciation of their vehicle's value, and other expenses related to the operation of their vehicles (collectively referred to as "Mileage Expenses").

67.     Plaintiff-Drivers' Mileage Expenses were substantial, and their tips were insufficient to cover for the same.

68.     At all times material hereto, the IRS business mileage reimbursement rate ranged between \$.535 and \$.575 per mile. *See* https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited on 05/01/2018).

69.     Plaintiff-Drivers likely incurred greater costs than the IRS reimbursement rate because of the nature of the delivery business including frequent starting and stopping of the engine, frequent braking, shorter routes as opposed to highway driving, and driving under time pressures.

70.     At all times material hereto, Defendants did not reimburse Plaintiff-Drivers for any Mileage Expenses.

71.     At all times material hereto, Defendants did not charge their customers service charges meant to reimburse Plaintiff-Drivers for any Mileage Expenses.

72.     Under 29 C.F.R. § 531.35, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

73.     A "kickback" specifically occurs when the costs of tools required for the performance of the employee's particular work "cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35.

74.     The Mileage Expenses incurred by Plaintiff-Drivers are illegal kickbacks and violate the FLSA in that Plaintiff-Drivers do not earn the required minimum wage in "free and clear" compensation.

75.     At all times material hereto, Plaintiff-Drivers incurred unreimbursed Mileage Expenses sufficient to cause their effective hourly rate to fall below (a) the federally mandated minimum wage of $7.25 per hour, and (b) the Illinois mandated minimum wage of $8.25 per hour.

## VII.     ADDITIONAL OVERTIME FACTUAL ALLEGATIONS

76.     The FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a rate of one-and-one-half times their regular rate for all time worked in excess of 40 hours in a workweek. 29 U.S.C. § 207.

77.     It is undisputed that Defendants' hourly employees—including their managers, assistant managers, delivery drivers, insiders and cooks—regularly worked more than 40 hours per week. *See, e.g., **Exhibit 4*** ("La Grange Sarpino's Store Schedule") indicating that Defendants employed two assistant managers (including Plaintiff Garcia), three cooks, ten drivers (including Plaintiffs Gongor and Mikhaylovsky), one insider, and three managers at La Grange Sarpino's from 12/25/2017-12/31/2017. Of Defendant's 20 employees, <u>19 were scheduled to work overtime in an amount equal to **265 overtime hours**</u>.[2] *Id*.

78.     Rather than pay overtime premiums to Plaintiffs and those similarly situated to

---

[2] Assuming, *arguendo*, that Defendants paid their hourly employees the Illinois minimum wage of $8.25 per hour, 265 overtime hours multiplied by a $4.125 overtime premium constitutes $1,093.125 of unpaid overtime from December 25 to December 31, 2017. With liquidated damages, Defendants' monetary exposure for a single week of overtime violations, at a single location, exceeds $2,000. *See Gonzalez v. J. Salerno & Son, Inc.*, 16-CV-5120, 2018 WL 1384106, at *5 (N.D. Ill. Mar. 19, 2018) ("The FLSA provides for an award of liquidated damages in the amount equal to the unpaid overtime premium. Liquidated damages are presumptively appropriate for FLSA violations.") (citations omitted).

them, Defendants paid their hourly employees their regular hourly rates for all hours worked beyond 40 in a single workweek. *See **Exhibit 5*** ("Garcia Pay Stub") indicating that Plaintiff Garcia worked 113 hours during the 11/23/2015–12/06/2015 pay period and was paid $11.00 per hour with no overtime pay; ***Exhibit 6*** ("Gongor Pay Stub") indicating that Plaintiff Gongor worked 98.50 hours during the 01/01/2018–01/14/2018 pay period and was paid $8.00 per hour with no overtime pay.[3]

79.     By purporting to pay Plaintiffs on a per delivery (or piecework) basis, as opposed to an hourly basis, and thereby attempting to conceal their overtime violations, Defendants employ a scheme designed to skirt the FLSA's overtime requirements by (a) failing to record the number of hours worked by their employees, and (b) failing to pay overtime premiums to their employees for all hours worked beyond 40 in a single workweek. Thus, Defendants' overtime violations are willful.[4]

## VIII.     OFF-THE-CLOCK FACTUAL ALLEGATIONS

80.     In addition to Defendants' above-described overtime and minimum wage violations, Defendants also required Plaintiffs to perform substantial amounts of uncompensated off-the-clock work. For example, upon clocking out at the conclusion of his scheduled shifts, Plaintiff Garcia often discovered that Defendants' managers had already clocked him out. Defendants' managers informed Plaintiff Garcia that Marinov and Store Manager Ivan Ivanov

---

[3] The Garcia Pay Stub and Gongor Pay Stub purport to compensate Plaintiffs on a per delivery (or piecework) basis, rather than an hourly basis. This is a brazen attempt by Defendants to conceal their overtime violations. In reality, the number of "deliveries" reflected on the Garcia and Gongor Pay Stub is actually the number of hours they worked, not including any off-the-clock work they performed.

[4] *See* 29 U.S.C. § 255(a) (The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (To fall under the three-year limitation, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct violated the [FLSA].").

("Ivanov") trained and instructed them to clock their hourly employees out before the conclusion of their scheduled shifts.

81.     What's more, Marinov, Ivanov, and Defendants' managers failed and/or refused to adjust Plaintiff Garcia's timesheets to account for his above-described off-the-clock work activities.

82.     Plaintiff-Drivers were also subjected to off-the-clock violations. For example, Plaintiff-Drivers routinely delivered pizza and other food items to Defendants' customers after the conclusion of their scheduled shifts (4:00 a.m.), but Defendants maintained a policy and practice of failing and/or refusing to compensate them for their post-shift delivery duties.

83.     Rather, Marinov, Ivanov and Defendants' managers instructed Plaintiff-Drivers to make their final delivery runs for the evening and to return the insulated pizza delivery bags to the restaurant when they report to work for their next shift. Marinov, Ivanov, and/or Defendants' managers then proceeded to lock up and close the restaurant and clock out Plaintiff-Drivers at the time the restaurant closed (4:00 a.m.) notwithstanding the fact that Plaintiff-Drivers were in the middle of their final delivery runs and had not yet concluded their delivery duties.

84.     What's more, Marinov, Ivanov, and Defendants' managers failed and/or refused to adjust Plaintiff-Drivers' timesheets to account for their above-described post-shift delivery activities.

85.     At all times material hereto, Defendants were able to track the amount of time Plaintiffs spent performing off-the-clock work activities. However, Defendants failed to do so and failed to compensate Plaintiffs for the off-the-clock work they performed. Thus, Plaintiffs and the collective class they seek to represent performed substantial amounts of work for which they failed to receive *any* compensation.

86.     At all times material hereto, Defendants' policies and practices described above deprived Plaintiffs of wages owed for off-the-clock activities they performed. Because Plaintiffs typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived them of overtime pay.

## IX.     COLLECTIVE ACTION ALLEGATIONS

87.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

88.     At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. §§ 206 and 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs.

89.     All employees who worked for Defendants within the three years prior to the filing of this action and who were not paid the FLSA required overtime premium or whose compensation fell below the statutory minimum wage after taking into account unreimbursed Mileage Expenses are "similarly situated" within the meaning of 29 U.S.C. § 216(b).

90.     Defendants are liable pursuant to 29 U.S.C. § 201 *et seq.* to all individuals similarly situated to Plaintiffs for unpaid minimum wages, overtime wages, attorneys' fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

91.     The proposed collective of individuals similarly situated to Plaintiffs should be defined as:

> *All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants at any time from May 17, 2015 through the date of judgment.*

16

92.     All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

93.     All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through Defendants' records.

### XI.     RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

94.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

95.     Plaintiffs bring this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalves and on behalf of:

> *All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants in Illinois at any time from May 17, 2008 through the date of judgment*

(hereinafter referred to as the "Rule 23 Illinois Class"). Plaintiffs reserve the right to amend this definition as necessary.

96.     The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical. Plaintiffs reasonably estimate that there are dozens of Rule 23 Illinois Class members. Rule 23 Illinois Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

97.     There is a well-defined community of interest among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class. These common legal and factual questions include, but are not limited to, the following:

a.   Whether the Rule 23 Illinois Class members were paid for all hours worked;

b. Whether a contractual obligation existed for Defendants to pay the Rule 23 Class members for all hours worked;

c. Whether Defendants' non-payment of wages for all compensable time amounted to a breach of contract;

d. Whether the Rule 23 Illinois Class members are owed wages for time spent performing off-the-clock work activities, and if so, the appropriate amount thereof;

e. Whether the Rule 23 Illinois Class members are owed wages for time spent working overtime, and if so, the appropriate amount thereof;

f. Whether Defendants failed to compensate the Rule 23 Illinois Class members at an hourly rate above or equal to the minimum wage as established in accordance with the Illinois Minimum Wage Law ("IMWL").

98. Plaintiffs' claims are typical of those of the Rule 23 Illinois Class in that they and all other Rule 23 Illinois Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims, and their legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

99. Plaintiffs will fully and adequately protect the interests of the Rule 23 Illinois Class and have retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

100. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the state.

101.    This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case, and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

102.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

103.    Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## XII.    CAUSES OF ACTION

### COUNT I

**Violations of the Federal Fair Labor Standards Act,
29 U.S.C. § 201, *et seq*.
Failure to Pay Minimum Wage
(On Behalf Of the Putative Collective Class)**

104.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

105.    At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

106.     During the relevant time period, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with 29 U.S.C. § 206.

107.     During the relevant time period, Defendants willfully failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with 29 U.S.C. § 206.

108.     As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

109.     As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**Violations of the Federal Fair Labor Standards Act,
29 U.S.C. § 201, *et seq*.
Failure to Pay Overtime
(On Behalf Of the Putative Collective Class)**

110.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

111.     At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

112.     Plaintiffs and the members of the collective they seek to represent regularly worked for Defendants in excess of 40 hours during each week.

113. At all times material hereto, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular hourly rate for time worked in excess of 40 hours in any week.

114. At all times material hereto, Defendants willfully failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular hourly rate for time worked in excess of 40 hours in any week.

115. Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

116. As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with 29 U.S.C. § 216(b).

117. As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

## COUNT III

### Violations of the Illinois Minimum Wage Law,
### §§ 820 ILCS 105/1 *et seq.*
### (On Behalf Of the Rule 23 Illinois Class)

118. Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

119. At all times relevant to the action, Defendants were an employer covered by the mandates of the Illinois Minimum Wage Law ("IMWL"), and Plaintiffs and the Rule 23 Illinois Class are employees entitled to the IMWL's protections.

120.     The Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq.* requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay for hours worked in excess of 40 per week. *See* § 820 ILCS 105/4; 820 ILCS 105/4a.

121.     820 ILCS 105/12(a) provides that if an employee is not paid in accordance with the Illinois Minimum Wage Law, "the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

122.     Defendants violated the IMWL by (i) regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint, (ii) failing to compensate Plaintiffs and the Rule 23 Illinois Class at an hourly rate above or equal to the minimum wage as established in accordance with Section 4 of the IMWL, and (iii) failing to pay Plaintiffs and the Rule 23 Illinois Class time-and-a-half their regular rate of pay for hours worked in excess of 40 per week.

123.     As a result, Plaintiffs and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IMWL at an amount to be proven at trial.

### COUNT IV
**Violations of the Illinois Wage Payment and Collection Act**
**§§ 820 ILCS 115/1 *et seq.***
**(On Behalf Of the Rule 23 Illinois Class)**

124.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

125.    The Illinois Wage Payment and Collection Act ("IWPCA") defines "employer" and "employee" broadly. 820 ILCS 115/2. "Employer" includes any person or business entity, including employment placement agencies. "Employee" means an individual "permitted to work by an employer in an occupation". *Id.*

126.    At all times relevant to the action, Defendants were an employer covered by the mandates of the IWPCA, and Plaintiffs and the Rule 23 Illinois Class are employees entitled to the IWPCA's protections.

127.    The IWPCA, §§ 820 ILCS 115/1 *et seq*., requires that, "All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

128.    The IWPCA requires every employer to pay full and "final compensation" to separated employees no later than the next regularly scheduled payday. 820 ILCS 115/5. "Final compensation" broadly includes wages, salaries, earned commissions, bonuses, the monetary equivalent of earned but unused vacation, and any other compensation owed pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2.

129.    Under 820 ILCS 115/14(a), an employee aggrieved by an employer's violation of the IWPCA "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

130.    Corporate officers or agents who "knowingly permit" a violation of the IWPCA are subject to personal liability. 820 ILCS 115/13.

131.    Code Section 13-206 provides for a 10-year limitations period for claims based on the IWPCA. 735 ILCS 5/13-206.

132.    Defendants violated the IWPCA by (i) regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint, (ii) failing to compensate Plaintiffs and the Rule 23 Illinois Class at an hourly rate above or equal to the minimum wage as established in accordance with Section 4 of the IMWL, (iii) failing to pay Plaintiffs and the Rule 23 Illinois Class time-and-a-half their regular rate of pay for hours worked in excess of 40 per week, and (iv) failing to pay full and final compensation to Plaintiffs and other separated employees no later than the next regularly scheduled payday.

133.    As a result, Plaintiffs and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IWPCA at an amount to be proven at trial.

## COUNT V

### Breach of Contract
### (On Behalf Of the Rule 23 Illinois Class)

134.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

135.    At all times relevant to this action, Defendants had a contract with Plaintiffs and every other Rule 23 Illinois Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate.

136.     Each Rule 23 Illinois Class member's contractual hourly rate is identified in paystubs and/or other records that Defendants prepare as part of their regular business activities.

137.     Plaintiffs and every other Rule 23 Illinois Class member performed under the contract by doing their jobs and carrying out the off-the-clock work activities that Defendants required or accepted.

138.     By not paying Plaintiffs and every other Rule 23 Illinois Class member the agreed upon hourly wage for the off-the-clock activities performed, Defendants systematically breached their contracts with Plaintiffs and each member of the Rule 23 Illinois Class.

139.     Plaintiffs and the Rule 23 Illinois Class members' remedies under the FLSA are inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

140.     Defendants also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiffs and other Rule 23 Illinois Class members spent performing off-the-clock work activities, which is a fundamental part of an employer's job.

141.     As a direct and proximate result of Defendants' breaches of the contracts alleged herein, Plaintiffs and every other member of the Rule 23 Illinois Class have been damaged in an amount to be determined at trial.

## XIII.     RELIEF REQUESTED

WHEREFORE, Plaintiffs request the following relief:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b.     Certifying this action as a class action (for the Rule 23 Illinois Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' state law claims (Counts III, IV, and V);

c.      Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d.      Designating Plaintiffs as the representatives of the FLSA collective action Class and the Rule 23 Illinois Class, and undersigned counsel as Class counsel for the same;

e.      Declaring Defendants violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f.      Declaring Defendants' violations of the FLSA were willful;

g.      Declaring Defendants violated the IMWL and that said violations were intentional, willfully oppressive, fraudulent and malicious;

h.      Declaring Defendants violated the IWPCA and that said violations were intentional, willfully oppressive, fraudulent and malicious;

i.      Declaring Defendants breached their contracts with Plaintiffs and the members of the Rule 23 Illinois Class by failing to pay them for each hour they worked at a pre-established (contractual) regular hourly rate;

j.      Granting judgment in favor of Plaintiffs and against Defendants and awarding Plaintiffs and the collective action Class and the Rule 23 Illinois Class, the full amount of damages and liquidated damages available by law;

k.      Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

l.      Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

m.      Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.


Dated:  May 18, 2018

/s/ Thomas A. Doyle
Thomas A. Doyle (Local Counsel, IL Bar No. 6204138)
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Phone: (312) 346-2222
tad@wexlerwallace.com

/s/ Matthew L. Turner
Matthew L. Turner
Rod M. Johnston (will *pro hac vice*)
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076
Phone: (248) 355-0300
mturner@sommerspc.com
rjohnston@sommerspc.com


*Attorneys for Plaintiffs, Proposed Collective Action Members, and Proposed Class Action Members*