**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANDRES GARCIA, TUGSBILEGT GONGOR, and DMITRO MIKHAYLOVSKY, individually, and on behalf of others similarly situated,** | No. 18-cv-03525 |
| Plaintiffs, | Honorable Robert M. Dow, Jr. |
| v. | |
| **IDAVM GROUP ENTERPRISES, INC., IDAVM MULTI GROUP ENTERPRISES, INC., MARINOV IM EMPIRE, INC., MARINOV IM POWER, INC., d/b/a Sarpino's Pizzeria and IVAN MARINOV,** | |
| Defendants. | |

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**</u>
<u>**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**</u>

Defendants, MARINOV IM EMPIRE, INC., MARINOV IM POWER, INC., IDAVM GROUP ENTERPRISES, INC., IDAVM MULTI GROUP ENTERPRISES, INC. (d/b/a Sarpino's Pizzeria) and MICHAEL MARINOFF, misidentified as Ivan Marinov in the Complaint, (hereinafter collectively referred to as "Defendants"), by and through their attorneys, hereby submit their Answer and Affirmative Defenses to the Collective/Class Action Complaint and Jury Demand (the "Complaint") of Plaintiffs ANDRES GARCIA, TUGSBILEGT GONGOR, and DMITRO MIKHAYLOVSKY (hereinafter collectively referred to as "Plaintiffs") as follows:

## I.    <u>INTRODUCTION</u>

1.     This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

**ANSWER:**

Defendants admit only that Plaintiffs purport to bring this action on behalf of themselves and others similarly situated under 29 U.S.C. § 216(b) and as a class action under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs, deny that Plaintiffs are entitled to any relief, and further deny that certification of a collective pursuant to 29 U.S.C. § 216(b) or a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper.

2.     Plaintiff Garcia is a former nonexempt hourly employee who worked for Defendants as an assistant manager, insider and delivery driver. Plaintiff Garcia routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

**ANSWER:**

Defendants admit only that Plaintiff Garcia was a non-exempt employee of Defendant IDAVM Group Enterprises, Inc. and had the job title of assistant manager, insider, and delivery driver at various times during his employment and was paid an hourly rate, including overtime compensation. Defendants deny that Plaintiff Garcia worked in the role of delivery driver for Defendant IDAVM Group Enterprises, Inc. at any point since 2015. Defendants deny that Plaintiff Garcia was employed by any remaining Defendants and deny the remaining allegations in Paragraph 2 of the Complaint.

3.     Plaintiff Gongor is a former nonexempt hourly employee who worked for Defendants as a delivery driver and who drove his own automobile to deliver pizza and other food items to Defendants' customers. Defendants failed to reimburse Plaintiff Gongor for any costs of operating his vehicle during these deliveries. Plaintiff Gongor's automobile and mileage costs were substantial, such that his actual regular rate of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here, the mileage costs—reimburses their employer. In addition, Plaintiff Gongor routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the FLSA.

**ANSWER:**

Defendants admit that Plaintiff Gongor was a non-exempt employee of Defendants IDAVM Group Enterprises, Inc. who worked as a delivery driver during his employment and who was paid an hourly rate, including overtime compensation.  Defendants also admit that Plaintiff Gongor may have, on occasion, driven his own automobile to deliver pizza and other food items to Defendant IDAVM Group Enterprises, Inc.'s customers.  However, Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. maintains and provides Company vehicles for use by the delivery drivers in performing their job duties and that Plaintiff Gongor utilized these Company vehicles to perform his duties on a regular basis.  Defendants deny that Plaintiff Gongor was employed by any remaining Defendants and deny the remaining allegations in Paragraph 3 of the Complaint.

4.      Plaintiff Mikhaylovsky is a former nonexempt hourly employee who worked for Defendants as an assistant manager, insider and delivery driver and who drove his own automobile to deliver pizza and other food items to Defendants' customers.  Defendants failed to reimburse Plaintiff Mikhaylovsky for any costs of operating his vehicle during these deliveries. Plaintiff Mikhaylovsky's automobile and mileage costs were substantial, such that his actual regular rate of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here, the mileage costs—reimburses their employer. In addition, Plaintiff Mikhaylovsky routinely worked more than 40 hours per week but was never paid the required premium for those overtime hours as required by the FLSA.

**ANSWER:**

Defendants admit that Plaintiff Mikhaylovsky was a non-exempt employee of Defendant IDAVM Group Enterprises, Inc. who was paid an hourly rate, including overtime compensation. Defendants deny that he was employed in any position other than delivery driver during his employment with Defendant IDAVM Group Enterprises, Inc. Defendants also admit that Plaintiff Mikhaylovsky may have, on occasion, driven his own automobile to deliver pizza and other food items to Defendant IDAVM Group Enterprises, Inc.'s customers.   However, Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. maintains and

provides Company vehicles for use by the delivery drivers in performing their duties and that

Plaintiff Mikhaylovsky utilized these Company vehicles to perform his duties on a regular basis.

Defendants deny that Plaintiff Mikhaylovsky was employed by any remaining Defendants and

deny the remaining allegations in Paragraph 4 of the Complaint.

5. Plaintiffs ask this Court to certify a class of similarly situated employees, to wit:

*All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants at any time from May 17, 2015 through the date of judgment.*

**ANSWER:**

Defendants deny that certification of a collective pursuant to 29 U.S.C. § 216(b) or a

class pursuant to Rule 23 of Federal Rules of Civil Procedure – as defined by Plaintiffs or

otherwise – is proper.

## II. <u>JURISDICTION AND VENUE</u>

6. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

**ANSWER:**

Defendants admit that the Court has jurisdiction over Plaintiffs' claims.

7. Additionally, this Court has jurisdiction over Plaintiffs' collective action FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**ANSWER:**

Defendants admit that the Court has jurisdiction over Plaintiffs' claims.

8. Defendants' annual sales exceed $500,000, and Defendants employ more than two employees. Therefore, the FLSA applies in this case on an enterprise basis. Defendants' employees—including Plaintiffs—engage in interstate commerce; therefore, Plaintiffs are also covered by the FLSA on an individual basis.

**ANSWER:**

Defendants deny that Defendant Marinov IM Empire, Inc. has annual sales that exceed $500,000 or that it employs any individuals. Defendants admit that the remaining Defendants have annual sales that exceed $500,000 and employ more than two individuals but deny that this alone is sufficient to establish enterprise coverage under the FLSA. Defendants deny that Plaintiffs and other employees of Defendant IDAVM Group Enterprises, Inc. engaged in interstate commerce and also deny that Plaintiffs are individually covered under the FLSA.

9.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as their federal claims.

**ANSWER:**

Defendants admit that the Court has supplemental jurisdiction over Plaintiffs' state law claims.

10.     This Court has personal jurisdiction over Defendants because their Sarpino's Pizzeria restaurants are located in Cook and DuPage Counties, Illinois. Moreover, upon information and belief, the individual Defendant (Ivan Marinov) resides in Cook County, Illinois.

**ANSWER:**

Defendants admit that the Court has personal jurisdiction over them.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district and a substantial portion of the events that give rise to Plaintiffs' claims occurred in this district.

**ANSWER:**

Defendants admit only that venue is proper. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs, deny that Plaintiffs are entitled to any relief, and further deny that certification of a collective pursuant to 29 U.S.C. § 216(b) or a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper.

12.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Cook and DuPage Counties, Illinois. Specifically, Defendants employed Plaintiffs and the putative collective action members at their Sarpino's Pizzeria restaurants located in Cook

and DuPage Counties. Therefore, this action is properly assigned to the Eastern Division.

**ANSWER:**

Defendants admit only that assignment to the Eastern Division is proper. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs, deny that Plaintiffs are entitled to any relief, and further deny that certification of a collective pursuant to 29 U.S.C. § 216(b) or a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper.

### III.   PARTIES

**A.   Plaintiffs**

13.   Plaintiffs are former nonexempt hourly employees who worked for Defendants as assistant managers, insiders, and/or delivery drivers.

**ANSWER:**

Defendants admit that Plaintiffs Garcia was a non-exempt employee of Defendant IDAVM Group Enterprises, Inc. who at various times during his employment had the job title of assistant manager, insider, and/or delivery driver. Defendants deny that Plaintiff Garcia has been employed as a delivery driver at any time since 2015. Defendants admit only that Plaintiff Mikhaylovsky was a non-exempt employee of Defendant IDAVM Group Enterprises, Inc. but deny that he was employed in any position other than delivery driver during his employment. Defendants admit that Plaintiff Gongor was a non-exempt employee of Defendant IDAVM Group Enterprises, Inc. who worked as a delivery driver during his employment. Defendants deny that Plaintiffs were employed by any remaining Defendants.

14.   Plaintiff Garcia resides in Cook County, Illinois. Defendants employed Plaintiff Garcia as an assistant manager, insider and delivery driver at their Sarpino's Pizzeria restaurant located at 5321 South La Grange Road, Countryside, Illinois 60525 ("La Grange Sarpino's") from approximately February 2013 until February 2018. At all times material hereto, Plaintiff Garcia regularly worked for Defendants six days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff

Garcia for the above-described work through the payment of an hourly wage, equal to $11.00 per hour in 2015-2016 and $10.00 per hour in 2017-2018. Plaintiff Garcia signed a consent form to join this lawsuit, which is attached hereto as ***Exhibit 1***.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations concerning Plaintiff Garcia's residency. Defendants admit only that Defendant IDAVM Group Enterprises, Inc. employed Plaintiff Garcia since or around April 2013 until February 2018 and that, at various times during his employment, he held the job title of delivery driver, insider, and/or assistant manager at its restaurant located at 5321 South La Grange Road, Countryside, Illinois 60525. Defendants affirmatively state that, during his employment with Defendant IDAVM Group Enterprises, Inc., Plaintiff Garcia only worked intermittently and had substantial gaps where he performed no work for Defendant IDAVM Group Enterprises, Inc. Defendants admit that Defendant IDAVM Group Enterprises, Inc. compensated Plaintiff Garcia at a base hourly rate of $10.00 per hour and $11.00 per hour during his employment. Defendants deny that Plaintiff Garcia worked in the role of delivery driver for Defendant IDAVM Group Enterprises, Inc. at any point since 2015. Defendants further admit that Plaintiffs filed a consent form purported to be completed and signed by Plaintiff Garcia and that form is attached to the Complaint as Exhibit 1. Defendants deny that Plaintiff Garcia was employed by Defendants other than Defendant IDAVM Group Enterprises, Inc. and deny the remaining allegations in Paragraph 14 of the Complaint.

15.    Plaintiff Gongor resides in Cook County, Illinois. Defendants employed Plaintiff Gongor as a delivery driver at La Grange Sarpino's from approximately October 2014 until February 2018. At all times material hereto, Plaintiff Gongor regularly worked for Defendants five days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff Gongor for such work through the payment of an hourly wage, starting at $7.00 per hour and rising to $8.00 per hour at the time of his resignation. Plaintiff Gongor signed a consent form to join this lawsuit, which is attached hereto as ***Exhibit 2***.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations concerning Plaintiff Gongor's residency. Defendants admit only that Defendant IDAVM Group Enterprises, Inc. employed Plaintiff Gongor since or around February 2013 until February 2018 as a delivery driver at its restaurant located at 5321 South La Grange Road, Countryside, Illinois 60525. Defendants affirmatively state that, during his employment with Defendant IDAVM Group Enterprises, Inc., Plaintiff Gongor only worked intermittently and had substantial gaps where he performed no work for Defendant IDAVM Group Enterprises, Inc. Defendants admit that Defendant IDAVM Group Enterprises compensated Plaintiff Gongor at a base starting hourly rate of $7.00 per hour and was paid at a base hourly rate of $8.00 per hour at the time of his separation from employment. Defendants affirmatively state that Plaintiff Gongor also customarily and regularly received tips during his employment with Defendant IDAVM Group Enterprises, Inc. Defendants admit that Plaintiffs filed a consent form purported to be completed and signed by Plaintiff Gongor and that form is attached to the Complaint as Exhibit 2. Defendants deny that Plaintiff Gongor was employed by Defendants other than Defendant IDAVM Group Enterprises, Inc. and deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Plaintiff Mikhaylovsky resides in Cook County, Illinois. Defendants employed Plaintiff Mikhaylovsky as an insider, delivery driver and assistant manager at La Grange Sarpino's from approximately June 2013 or June 2014 until January 2018.[1]  At all times material hereto, Plaintiff Mikhaylovsky regularly worked for Defendants five days during each workweek and approximately 10-12 hours each workday. During the relevant time period, Defendants compensated Plaintiff Mikhaylovsky for the above-described work through the payment of an hourly wage, starting at $7.00 per hour and rising to $8.50 per hour at the time of his resignation. Plaintiff Mikhaylovsky signed a consent form to join this lawsuit, which is attached hereto as **_Exhibit 3_**.

---

[1] In early 2016, Plaintiff Mikhaylovsky resigned from his position, but returned to work for Defendants approximately eight or nine months later.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. employed Plaintiff Mikhaylovsky since or around March 2013 until January 2018 at 5321 South La Grange Road, Countryside, Illinois. Defendants deny that Plaintiff Mikhaylovsky was employed in any position other than delivery driver during his employment with Defendant IDAVM Group Enterprises, Inc. Defendants affirmatively state that, during his employment with Defendant IDAVM Group Enterprises, Inc., Plaintiff Mikhaylovsky only worked intermittently and had substantial gaps where he performed no work for Defendant IDAVM Group Enterprises, Inc. Defendants admit that Defendant IDAVM Group Enterprises compensated Plaintiff Mikhaylovsky at a starting base hourly rate of $7.00 per hour and, at the time of his separation from employment, his base hourly rate was $8.50 per hour. Defendants affirmatively state that Plaintiff Mikhaylovsky also customarily and regularly received tips during his employment with Defendant IDAVM Group Enterprises, Inc. Defendants admit that Plaintiffs filed a consent form purported to be completed and signed by Plaintiff Mikhaylovsky and that form is attached to the Complaint as Exhibit 3. Defendants deny that Plaintiff Mikhaylovsky was employed by Defendants other than Defendant IDAVM Group Enterprises, Inc. and deny the remaining allegations in Paragraph 16 of the Complaint.

17.     Plaintiffs regularly worked more than 40 hours per workweek but were never paid the required premium for those overtime hours as required by the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     In addition, Plaintiffs Gongor and Mikhaylovsky ("Plaintiff-Drivers") drove their own automobiles to deliver pizza and other food items to Defendants' customers but were never reimbursed for any costs associated with operating their vehicles during these deliveries. Plaintiff-Drivers' automobile and mileage costs were substantial, such that their actual regular rates of pay fell below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee—here,

the mileage costs—reimburses their employer.

**ANSWER:**

Defendants admit that Plaintiffs Gongor and Mikhaylovsky may have, on occasion, driven their own automobiles to deliver pizza and other food items to Defendant IDAVM Group Enterprises, Inc.'s customers. However, Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. maintains and provides Company vehicles for use by the delivery drivers in performing their job duties and that Defendant IDAVM Group Enterprises, Inc. expects its delivery drivers to use the Company vehicles in performing their job duties. Defendants further state that Plaintiffs Gongor and Mikhaylovsky utilized these Company vehicles to perform their duties on a regular basis. Defendants deny that Plaintiffs performed work for Defendants other than Defendant IDAVM Group Enterprises, Inc. and deny the remaining allegations in Paragraph 18 of the Complaint.

19.     In addition to delivering pizza and other food items to Defendants' customers, Plaintiff-Drivers performed other duties at the direction of Defendants including but not limited to: folding pizza boxes, washing dishes, answering phones, taking orders from customers, boxing and preparing orders, stocking coolers, mixing the sauce, unloading trucks, sweeping and mopping the floors, cleaning the counters, taking out the trash, baking the pizza, cutting the cheese, proofing and cutting the dough, and other prep work. Defendants did not pay Plaintiff-Drivers a split rate. Rather, Defendants paid Plaintiff-Drivers the same hourly rate for both delivery and non-delivery work.

**ANSWER:**

Defendants admit that Plaintiffs Gongor and Mikhaylovsky, during their employment with Defendant IDAVM Group Enterprises, Inc., performed some but not all of the activities listed in Paragraph 19 of the Complaint on an infrequent basis. Defendants affirmatively state that, when they did perform duties other than food delivery, Plaintiffs Gongor and Mikhaylovsky typically performed only those duties closely related to their duties as delivery drivers. Defendants further state that Plaintiffs Gongor and Mikhaylovsky did not spend twenty (20)

percent or more of their working time engaged in any of the activities listed in Paragraph 19 of

the Complaint, since they spent that vast majority of their working time delivering pizza and

other food products to Defendant IDAVM Group Enterprises, Inc.'s customers.  Defendants also

admit that Defendant IDAVM Group Enterprises, Inc. did not pay Plaintiffs Gongor and

Mikhaylovsky on a "split rate" basis because their time spent on the activities listed in Paragraph

19 of the Complaint was so minimal.  Defendants deny that Plaintiffs performed work for

Defendants other than Defendant IDAVM Group Enterprises, Inc. and deny the remaining

allegations in Paragraph 19 of the Complaint.

**B.      Defendants**

20.      Marinov IM Empire, Inc. (formerly known as Sarpino's IM Empire, Inc.) (hereinafter referred to as "IM Empire") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 70114569.  IM Empire is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

**ANSWER:**

Defendants admit the allegations in Paragraph 20 of the Complaint.

21.      Marinov IM Power, Inc. (formerly known as Sarpino's IM Power, Inc.) (hereinafter referred to as "IM Power") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 70114518.  IM Power is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

**ANSWER:**

Defendants admit the allegations in Paragraph 21 of the Complaint.

22.      IDAVM Group Enterprises, Inc. (formerly known as Sarpino's Pizza Powerhouse, Inc.) (hereinafter referred to as "IDAVM Group") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 67993144. IDAVM Group is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

**ANSWER:**

Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     IDAVM Multi Group Enterprises, Inc. (formerly known as Sarpino's Multi Group Enterprises, Inc.) (hereinafter referred to as "IDAVM Multi Group") is a corporation organized under the laws of the State of Illinois with an Illinois Secretary of State File Number of 68374987. IDAVM Multi Group is subject to the personal jurisdiction of this Court and can be served via its registered agent, Marina Shapiro, at 580 Roger Williams Avenue, Suite 26, Highland Park, Illinois 60035.

**ANSWER:**

Defendants admit the allegations in Paragraph 23 of the Complaint.

24.     Ivan Marinov ("Marinov") is a resident of Cook County, Illinois and is the President and Secretary of IM Empire, IM Power, IDAVM Group, and IDAVM Multi Group. Marinov is subject to the personal jurisdiction of this Court and can be served with process at his residence located at 502 47th Street, Western Springs, Illinois 60558-1659, or wherever he can be found.

**ANSWER:**

Defendants admit the allegations in Paragraph 24 of the Complaint.

25.     Marinov and the corporate entity defendants identified above are joint employers doing business collectively as Sarpino's Pizzeria - a fast food restaurant chain specializing in pizza, with international operations headquartered in Singapore and U.S. operations headquartered in the Chicago suburb of Lincolnshire, Illinois. Marinov, in concert with the corporate entity defendants identified above, owns and/or manages at least six Sarpino's Pizzeria restaurants, located at the following addresses:

        a.     5321 South La Grange Road, Countryside, Illinois 60525;

        b.     5110 North Harlem Avenue, Harwood Heights-Chicago, Illinois 60706;

        c.     643 West North Avenue, Elmhurst, Illinois 60126;

        d.     922 Roosevelt Road, Glen Ellyn, Illinois 60137;

        e.     2428 Main Street, Evanston, Illinois 60202; and

        f.     322-140 West Army Trail Road, Bloomingdale, Illinois 60108.

**ANSWER:**

Defendants deny that they are joint employers doing business collectively as Sarpino's

Pizzeria. Defendants further deny that they have international operations, deny that they operate

outside of Illinois, and deny that they are headquartered in Lincolnshire, Illinois. Defendants

deny Plaintiffs' allegations concerning the ownership and management of the six (6) Sarpino's locations identified in Paragraph 25 of the Complaint. Defendants affirmatively state that:

- Defendant IDAVM Group Enterprises, Inc. owns and manages the Sarpino's location at 5321 S. La Grange Rd, Unit B, Countryside, IL 60525;

- Valmar Enterprises, Inc. owns and manages the Sarpino's locations at 5110 N. Harlem Ave, Harwood Heights, IL 60706 and at 2428 Main St, Evanston, IL 60202;

- Valrite Enterprises, Inc. owns and manages the Sarpino's location at 623 W. North Ave, Unit#6, Elmhurst, IL 60126;

- Defendant IDAVM Multi Group Enterprises, Inc. owns and manages the Sarpino's location at 922 Roosevelt Rd, Unit A22, Glen Ellyn, IL 60137; and

- Defendant Marinov IM Power, Inc. owns and manages the Sarpino's location at 322-140 W. Army Trail Road, Bloomingdale, IL 60108.

Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. In connection with the operation of their Sarpino's Pizzeria restaurants, Defendants employ certain nonexempt, hourly-paid workers as managers, assistant managers, delivery drivers, insiders and cooks.

**ANSWER:**

Defendants admit only that, in connection with the operation of their Sarpino's Pizzeria locations identified in the answer to Paragraph 25 of the Complaint, Defendants IDAVM Group Enterprises, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. employ certain non-exempt, hourly-paid workers as managers, assistant managers, delivery drivers, insiders and cooks. In addition, Defendants affirmatively state that Defendants IDAVM Group Enterprises, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. have

adopted a tip credit in accordance with Illinois law and 29 U.S.C. § 203(m) and (t), with respect to some of these employees. Defendants deny that the remaining Defendants own or manage Sarpino's locations and deny the remaining allegations in Paragraph 26 of the Complaint.

## IV.  ENTERPRISE COVERAGE

27.    At all times material hereto, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    At all times material hereto, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Defendants deny the allegations in Paragraph 28 of the Complaint.

29.    At all times material hereto, Plaintiffs and other employees of Defendants utilized and handled goods that moved in interstate commerce in the furtherance of the commercial purpose of Defendants including food, food-packaging materials, vehicles, gasoline, engine oil and cell phones.

**ANSWER:**

Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    At all times material hereto, Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    At all times material hereto, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

**ANSWER:**

Defendants deny that Defendant Marinov IM Empire, Inc. has annual gross volume of

sales made or business done of $500,000 or more. Defendants admit that the remaining Defendants have annual gross volume of sales made or business done of $500,000 or more.

## IV. EMPLOYER/EMPLOYEE RELATIONSHIP

32. At all times material hereto, Defendants were an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. was the employer of Plaintiffs as defined in 29 U.S.C. § 203(d) during the periods of employed identified in the Answers to Paragraphs 14 through 16 of the Complaint. Defendants deny that the remaining Defendants were the employer of Plaintiffs as defined in 29 U.S.C. § 203(d).

33. At all times material hereto, Plaintiffs were "employees" of Defendants as defined in 29 U.S.C. § 203(e)(1).

**ANSWER:**

Defendants admit only that Plaintiffs were the employees of Defendant IDAVM Group Enterprises, Inc. as defined in 29 U.S.C. § 203(e)(1) during the periods of employment identified in the Answers to Paragraphs 14 through 16 of the Complaint. Defendants deny that the remaining Defendants were the employer of Plaintiffs as defined in 29 U.S.C. § 203(e)(1).

34. At all times material hereto, Marinov exercised operational control over Plaintiffs' work activities.

**ANSWER:**

Defendants deny the allegations in Paragraph 34 of the Complaint.

35. At all times material hereto, Marinov was involved in the day-to-day operation of Defendants.

**ANSWER:**

Defendants deny the allegations in Paragraph 35 of the Complaint.

36. At all times material hereto, Defendants vested Marinov with supervisory

authority over Plaintiffs.

**ANSWER:**

Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     At all times material hereto, Marinov exercised supervisory authority over Plaintiffs.

**ANSWER:**

Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     At all times material hereto, Marinov scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

**ANSWER:**

Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     At all times material hereto, Marinov exercised authority and supervision over Plaintiffs' compensation.

**ANSWER:**

Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     At all times material hereto, Marinov was an "employer" of Plaintiffs as defined in 29 U.S.C. § 203(d).

**ANSWER:**

Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     At all times material hereto, Defendants' managers exercised supervisory authority over Plaintiffs.

**ANSWER:**

Defendants are without knowledge as to whom Plaintiffs refer to as "managers" and,

therefore, deny the allegations in Paragraph 41 of the Complaint.

42.     At all times material hereto, Defendants exercised the authority to impose discipline upon their employees, including warnings, suspensions, and terminations.

**ANSWER:**

Defendants admit only that Defendants IDAVM Enterprises Group, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. exercised the authority to impose discipline upon their employees at their respective Sarpino's locations identified in the Answer to Paragraph 25 of the Complaint, including warnings, suspensions, and terminations. Defendants deny that the remaining Defendants own or operate Sarpino's locations and deny that they employ any individuals.

43.     At all times material hereto, Defendants paid all costs associated with advertising, marketing, and promoting Defendants' business.

**ANSWER:**

Defendants admit that they paid all costs, if any, associated with advertising, marketing, and promoting their respective businesses.

44.     At all times material hereto, the work performed by Plaintiffs was integral to Defendants' business purpose (*i.e.*, a pizza restaurant).

**ANSWER:**

Defendants admit only that the work performed by Plaintiffs was integral to the business purpose of Defendant IDAVM Enterprises Group, Inc. Defendants deny Plaintiffs were employed by the remaining Defendants and deny that the work performed by Plaintiffs was integral to the business purpose of the remaining Defendants.

45.     At all times material hereto, Plaintiffs did not invest in Defendants' business such that they shared any significant risk of loss.

**ANSWER:**

Defendants admit the allegations in Paragraph 45 of the Complaint.

46.     At all times material hereto, Plaintiffs did not utilize any special skills in the course of their work for Defendants.

**ANSWER:**

Defendants are without knowledge as to what Plaintiffs refers to as "special skills" and,

therefore, deny the allegations in Paragraph 46 of the Complaint.

47.    At all times material hereto, Plaintiffs did not exercise independent business judgment in the course of their work for Defendants.

**ANSWER:**

Defendants are without knowledge as to what Plaintiffs refers to as "independent business judgment" and, therefore, deny the allegations in Paragraph 47 of the Complaint.

48.    At all times material hereto, Defendants exercised significant, if not total control over the amount of Plaintiffs' pay.

**ANSWER:**

Defendants admit only that Defendant IDAVM Enterprises Group, Inc. exercised control over the amount of Plaintiffs' pay.  Defendants deny that the remaining Defendants employed Plaintiffs and deny that the remaining Defendants exercised control over the amount of Plaintiffs' pay.

49.    At all times material hereto, Defendants exercised significant, if not total control over Plaintiffs' work hours.

**ANSWER:**

Defendants admit only that Defendant IDAVM Enterprises Group, Inc. exercised control over Plaintiffs' work hours.  Defendants deny that the remaining Defendants employed Plaintiffs and deny that the remaining Defendants exercised control over Plaintiffs' work hours.

50.    At all times material hereto, Defendants exercised significant control over how Plaintiffs' work was performed.

**ANSWER:**

Defendants admit only that Defendant IDAVM Enterprises Group, Inc. exercised control over how Plaintiffs' work was performed.  Defendants deny that the remaining Defendants employed Plaintiffs and deny that the remaining Defendants exercised control over how Plaintiffs' work was performed.

51.     At all times material hereto, Plaintiffs did not solicit customers themselves, and all Plaintiffs' efforts were directed at serving the customers of Defendants.

**ANSWER:**

Defendants admit only that, during their employment with IDAVM Group Enterprises, Inc., Plaintiffs were not expected to solicit customers themselves.  Defendants are without knowledge of whether Plaintiffs did in fact solicit customers themselves and to what extent Plaintiffs' efforts were directed at serving the customers of Defendant IDAVM Group Enterprises, Inc. and, therefore, deny the allegations to this effect in Paragraph 51 of the Complaint.  Defendants further deny that Plaintiffs' efforts were directed at serving the customers, if any, of the remaining Defendant.

52.     At all times material hereto, as a matter of economic reality, Plaintiffs were "employees" as that term is used in the FLSA, rather than independent contractors.

**ANSWER:**

Defendants admit that, during their employment with IDAVM Group Enterprises, Inc., Plaintiffs were properly classified and compensated as employees.

53.     At all times material hereto, Defendants were Plaintiffs' "employers" as defined in 29 U.S.C. § 203(d).

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. was the employer of Plaintiffs as defined in 29 U.S.C. § 203(d).  Defendants deny that the remaining Defendants were the employer of Plaintiffs as defined in 29 U.S.C. § 203(d).

**V.     LACK OF EXEMPTION**

54.     At all times material hereto, Plaintiffs were paid on an hourly basis.

**ANSWER:**

Defendants admit that Plaintiffs were paid on an hourly basis during their employment

with Defendant IDAVM Group Enterprises, Inc. In addition, Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. adopted a tip credit in accordance 29 U.S.C. § 203(m) and (t) and Illinois law.

55. At all times material hereto, Defendants did not employ Plaintiffs in a bona fide professional, administrative, or executive capacity within the meaning of 29 U.S.C. § 213(a).

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs.

56. At all times material hereto, Defendants did not employ Plaintiffs in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213(a).

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs.

57. At all times material hereto, Plaintiffs were not exempt from the minimum wage or overtime requirements of the FLSA by reason of any exemption.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs.

## VI.    ADDITIONAL MINIMUM WAGE FACTUAL ALLEGATIONS

58. The FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a minimum rate of $7.25 per hour. 29 U.S.C § 206.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs.

59.     At all times material hereto, Defendants paid Plaintiff-Drivers an hourly wage, starting at $7.00 per hour, exclusive of tips.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. compensated Plaintiffs Gongor and Mikhaylovsky based on an hourly rate of pay and that their starting base hourly rates of pay were $7.00 per hour.  Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. utilized a tip credit in compensating its tipped employees.  Defendants deny that Plaintiffs Gongor and Mikhaylovsky were employed by any of the remaining Defendants, deny that the remaining Defendants compensated Plaintiffs, and deny the remaining allegations in Paragraph 59 of the Complaint.

60.     At all times material hereto, Plaintiff-Drivers averaged a $3.00 tip per delivery, but Defendants deducted a 20 to 30 cent credit card processing fee from each credit card tip.

**ANSWER:**

Defendants admit that Plaintiffs Gongor and Mikhaylovsky customarily and regularly received tips during their employment with Defendant IDAVM Group Enterprises, Inc. Defendants deny that Plaintiffs Gongor and Mikhaylovsky averaged tips of $3.00 per delivery and affirmatively state that their average tip per delivery amounted to approximately $4.75. Defendants further admit that Defendant IDAVM Group Enterprises, Inc. deducted only the credit card processing fee charged by the credit card company from Plaintiff Gongor's and Mikhaylovsky's tips from credit cards.   Defendants deny that Defendant IDAVM Group Enterprises, Inc. deducted this fee from any cash tips.   Defendants deny that Plaintiffs Gongor and Mikhaylovsky were employed by the remaining Defendants, deny that the remaining

Defendants deducted any amount from their compensation, and deny the remaining allegations in Paragraph 60 of the Complaint.

61.     At all times material hereto, Defendants required their delivery drivers to maintain and pay for safe, legally operable, and insured vehicles when delivering pizza and food items.

**ANSWER:**

Defendants admit only that Defendants IDAVM Group Enterprises, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. required the delivery drivers at their respective locations to maintain a valid driver's license and maintain automobile liability insurance on any personal vehicle they used in performing their job duties.     Defendants affirmatively state states that Defendants IDAVM Group Enterprises, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. maintain and provide Company vehicles for use by the delivery drivers in performing their job duties.  Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62.     At all times material hereto, Plaintiff-Drivers used their own automobiles to deliver pizza and other food items to Defendants' customers.

**ANSWER:**

Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     At all times material hereto, Plaintiff-Drivers' average delivery distance was approximately four to five miles, but they would sometimes deliver to locations ten or more miles away.

**ANSWER:**

Defendants deny that the average delivery distance for Plaintiffs Gongor and Mikhaylovsky during their employment with Defendant IDAVM Group Enterprises, Inc. was approximately four to five miles and affirmatively state that the average distance to a delivery site for Plaintiffs Gongor and Mikhaylovsky was substantially less.  Defendants admit that, infrequently, Plaintiffs Gongor and Mikhaylovsky may have delivered to locations ten miles

away but not substantially more.

64.     At all times material hereto, Plaintiff-Drivers averaged approximately two to three deliveries per hour and 15-20 deliveries per shift.

**ANSWER:**

Defendants admit that Plaintiffs Gongor and Mikhaylovsky spent the vast majority of their working time delivering food to Defendant IDAVM Group Enterprises, Inc.'s customers, such that they may have averaged the number of deliveries per hour and per shift alleged in Paragraph 64.

65.     At all times material hereto, Plaintiff-Drivers drove over 100 miles per workday delivering pizza and other food items to Defendants' customers.

**ANSWER:**

Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     As a result of using their own automobiles for Defendants' delivery service, Plaintiff-Drivers incurred expenses for gasoline, insurance, depreciation of their vehicle's value, and other expenses related to the operation of their vehicles (collectively referred to as "Mileage Expenses").

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegations in Paragraph 66 of the Complaint and, therefore, deny the same. Defendants affirmatively state that Defendant IDAVM Group Enterprises, Inc. maintains and provides Company vehicles for use by the delivery drivers in performing their job duties.

67.     Plaintiff-Drivers' Mileage Expenses were substantial, and their tips were insufficient to cover for the same.

**ANSWER:**

Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     At all times material hereto, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. See https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited on 05/01/2018).

**ANSWER:**

Defendants are without knowledge as to the time period to which Plaintiffs refer by stating "[a]t all times material hereto" and, therefore, deny the allegations in Paragraph 68 of the Complaint. Defendants admit that the IRS business mileage reimbursement was $.54 per mile in 2016, $.535 per mile in 2017, and $.545 per mile in 2018.

69.  Plaintiff-Drivers likely incurred greater costs than the IRS reimbursement rate because of the nature of the delivery business including frequent starting and stopping of the engine, frequent braking, shorter routes as opposed to highway driving, and driving under time pressures.

**ANSWER:**

Defendants deny the allegations in Paragraph 69 of the Complaint.

70.  At all times material hereto, Defendants did not reimburse Plaintiff-Drivers for any Mileage Expenses.

**ANSWER:**

Defendants admit that Defendant IDAVM Group Enterprises, Inc. did not provide a payment to Plaintiffs Gongor and Mikhaylovsky specifically intended to reimburse expenses, if any, associated with use of their personal automobile but deny Plaintiffs Gongor and Mikhaylovsky were required or expected to use their personal vehicles to complete deliveries. Rather, Defendant IDAVM Group Enterprises, Inc. maintains and provides Company vehicles for use by the delivery drivers in performing their job duties and expects its delivery drivers to use the Company vehicles in performing their job duties. Defendants state that Plaintiffs Gongor and Mikhaylovsky utilized these Company vehicles to perform their duties on a regular basis. Defendants further deny that Defendant IDAVM Group Enterprises, Inc. non-reimbursement for such expenses resulted in payment of wages to Plaintiffs Gongor and Mikhaylovsky below the applicable minimum wage.

71.  At all times material hereto, Defendants did not charge their customers service

charges meant to reimburse Plaintiff-Drivers for any Mileage Expenses.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. did not charge customers an amount directly intended to reimburse Plaintiffs Gongor and Mikhaylovsky for business expenses, if any. Defendants deny that Plaintiffs Gongor and Mikhaylovsky were employed by any of the remaining Defendants and deny the remaining allegations in Paragraph 71 of the Complaint.

72.  Under 29 C.F.R. § 531.35, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

**ANSWER:**

Defendants admit that Paragraph 72 of the Complaint accurately quotes a portion of 29 C.F.R. § 531.35. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs pursuant to the FLSA, this interpretive regulation, or otherwise, and deny that Plaintiffs are entitled to any relief.

73.  A "kickback" specifically occurs when the costs of tools required for the performance of the employee's particular work "cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35.

**ANSWER:**

Defendants admit that Paragraph 73 of the Complaint accurately quotes a portion of 29 C.F.R. § 531.35. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs pursuant to the FLSA, this interpretive regulation, or otherwise, and deny that Plaintiffs are entitled to any relief.

74.  The Mileage Expenses incurred by Plaintiff-Drivers are illegal kickbacks and violate the FLSA in that Plaintiff-Drivers do not earn the required minimum wage in "free and clear" compensation.

**ANSWER:**

Defendants deny the allegations in Paragraph 74 of the Complaint.

75.    At all times material hereto, Plaintiff-Drivers incurred unreimbursed Mileage Expenses sufficient to cause their effective hourly rate to fall below (a) the federally mandated minimum wage of $7.25 per hour, and (b) the Illinois mandated minimum wage of $8.25 per hour.

**ANSWER:**

Defendants deny the allegations in Paragraph 75 of the Complaint.

## VII.    ADDITIONAL OVERTIME FACTUAL ALLEGATIONS

76.    The FLSA requires that Defendants compensate Plaintiffs and each member of the collective they seek to represent at a rate of one-and-one-half times their regular rate for all time worked in excess of 40 hours in a workweek. 29 U.S.C. § 207.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is

required. To the extent a response is deemed required, Defendants deny that they engaged in any

conduct that would give rise to a cause of action by Plaintiffs.

77.    It is undisputed that Defendants' hourly employees—including their managers, assistant managers, delivery drivers, insiders and cooks—regularly worked more than 40 hours per week. *See, e.g.*, **Exhibit 4** ("La Grange Sarpino's Store Schedule") indicating that Defendants employed two assistant managers (including Plaintiff Garcia), three cooks, ten drivers (including Plaintiffs Gongor and Mikhaylovsky), one insider, and three managers at La Grange Sarpino's from 12/25/2017-12/31/2017.   Of Defendant's 20 employees, <u>19 were scheduled to work overtime in an amount equal to **265 overtime hours**</u>.[2] *Id.*

**ANSWER:**

Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    Rather than pay overtime premiums to Plaintiffs and those similarly situated to them, Defendants paid their hourly employees their regular hourly rates for all hours worked beyond 40 in a single workweek. *See* **Exhibit 5** ("Garcia Pay Stub") indicating that Plaintiff

---

[2] Assuming, *arguendo*, that Defendants paid their hourly employees the Illinois minimum wage of $8.25 per hour, 265 overtime hours multiplied by a $4.125 overtime premium constitutes $1,093.125 of unpaid overtime from December 25 to December 31, 2017. With liquidated damages, Defendants' monetary exposure for a single week of overtime violations, at a single location, exceeds $2,000. *See Gonzalez v. J. Salerno & Son, Inc.*, 16-CV-5120, 2018 WL 1384106, at *5 (N.D. Ill. Mar. 19, 2018) ("The FLSA provides for an award of liquidated damages in the amount equal to the unpaid overtime premium. Liquidated damages are presumptively appropriate for FLSA violations.") (citations omitted).

Garcia worked 113 hours during the 11/23/2015–12/06/2015 pay period and was paid $11.00 per hour with no overtime pay; **Exhibit 6** ("Gongor Pay Stub") indicating that Plaintiff Gongor worked 98.50 hours during the 01/01/2018–01/14/2018 pay period and was paid $8.00 per hour with no overtime pay.[3]

**ANSWER:**

Defendants deny the allegations in Paragraph 78 of the Complaint and in the associated

footnote.

79.     By purporting to pay Plaintiffs on a per delivery (or piecework) basis, as opposed to an hourly basis, and thereby attempting to conceal their overtime violations, Defendants employ a scheme designed to skirt the FLSA's overtime requirements by (a) failing to record the number of hours worked by their employees, and (b) failing to pay overtime premiums to their employees for all hours worked beyond 40 in a single workweek.  Thus, Defendants' overtime violations are willful.[4]

**ANSWER:**

Defendants deny the allegations in Paragraph 79 of the Complaint.

### VIII.   OFF-THE-CLOCK FACTUAL ALLEGATIONS

80.     In addition to Defendants' above-described overtime and minimum wage violations, Defendants also required Plaintiffs to perform substantial amounts of uncompensated off-the-clock work. For example, upon clocking out at the conclusion of his scheduled shifts, Plaintiff Garcia often discovered that Defendants' managers had already clocked him out. Defendants' managers informed Plaintiff Garcia that Marinov and Store Manager Ivan Ivanov ("Ivanov") trained and instructed them to clock their hourly employees out before the conclusion of their scheduled shifts.

**ANSWER:**

Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     What's more, Marinov, Ivanov, and Defendants' managers failed and/or refused to adjust Plaintiff Garcia's timesheets to account for his above-described off-the-clock work

---

[3] The Garcia Pay Stub and Gongor Pay Stub purport to compensate Plaintiffs on a per delivery (or piecework) basis, rather than an hourly basis. This is a brazen attempt by Defendants to conceal their overtime violations. In reality, the number of "deliveries" reflected on the Garcia and Gongor Pay Stub is actually the number of hours they worked, not including any off-the-clock work they performed.

[4] *See* 29 U.S.C. § 255(a) (The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (To fall under the three-year limitation, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct violated the [FLSA].").

activities.

**ANSWER:**

Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Plaintiff-Drivers were also subjected to off-the-clock violations.  For example, Plaintiff-Drivers routinely delivered pizza and other food items to Defendants' customers after the conclusion of their scheduled shifts (4:00 a.m.), but Defendants maintained a policy and practice of failing and/or refusing to compensate them for their post-shift delivery duties.

**ANSWER:**

Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Rather, Marinov, Ivanov and Defendants' managers instructed Plaintiff-Drivers to make their final delivery runs for the evening and to return the insulated pizza delivery bags to the restaurant when they report to work for their next shift. Marinov, Ivanov, and/or Defendants' managers then proceeded to lock up and close the restaurant and clock out Plaintiff-Drivers at the time the restaurant closed (4:00 a.m.) notwithstanding the fact that Plaintiff-Drivers were in the middle of their final delivery runs and had not yet concluded their delivery duties.

**ANSWER:**

Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     What's more, Marinov, Ivanov, and Defendants' managers failed and/or refused to adjust Plaintiff-Drivers' timesheets to account for their above-described post-shift delivery activities.

**ANSWER:**

Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     At all times material hereto, Defendants were able to track the amount of time Plaintiffs spent performing off-the-clock work activities.  However, Defendants failed to do so and failed to compensate Plaintiffs for the off-the-clock work they performed. Thus, Plaintiffs and the collective class they seek to represent performed substantial amounts of work for which they failed to receive any compensation.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. required all non-

exempt employees, including Plaintiffs, to track and report all hours worked using a point-of-

service timekeeping system.  Defendants deny that Plaintiffs were employed by any of the

-28-

remaining Defendants and deny the remaining allegations in Paragraph 85 of the Complaint.

86.     At all times material hereto, Defendants' policies and practices described above deprived Plaintiffs of wages owed for off-the-clock activities they performed. Because Plaintiffs typically worked 40 hours or more in a workweek, Defendants' policies and practices also deprived them of overtime pay.

**ANSWER:**

Defendants deny the allegations in Paragraph 86 of the Complaint.

### IX.    COLLECTIVE ACTION ALLEGATIONS

87.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through

86 as if fully set forth herein.

88.     At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. §§ 206 and 207 by failing to pay minimum wage and overtime wages to the members of the collective Plaintiffs seek to represent in the same manner as alleged above with respect to Plaintiffs.

**ANSWER:**

Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     All employees who worked for Defendants within the three years prior to the filing of this action and who were not paid the FLSA required overtime premium or whose compensation fell below the statutory minimum wage after taking into account unreimbursed Mileage Expenses are "similarly situated" within the meaning of 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants are liable pursuant to 29 U.S.C. § 201 *et seq*. to all individuals similarly situated to Plaintiffs for unpaid minimum wages, overtime wages, attorneys' fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

**ANSWER:**

Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     The proposed collective of individuals similarly situated to Plaintiffs should be defined as:

> *All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants at any time from May 17, 2015 through the date of judgment.*

**ANSWER:**

Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     All such individuals similarly situated to Plaintiffs would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     All such individuals similarly situated to Plaintiffs are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**ANSWER:**

Defendants deny the allegations in Paragraph 93 of the Complaint.

## XI.     RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

94.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through

93 as if fully set forth herein.

95.     Plaintiffs bring this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on their own behalves and on behalf of:

> *All current and former hourly employees who worked for Defendants at any of their Sarpino's Pizzeria restaurants in Illinois at any time from May 17, 2008 through the date of judgment*

(hereinafter referred to as the "Rule 23 Illinois Class"). Plaintiffs reserve the right to amend this definition as necessary.

**ANSWER:**

Defendants admit only that Plaintiffs purport to bring this action on behalf of themselves and others as a class action under Rule 23(b) of the Federal Rules of Civil Procedure, but deny that there is any basis in law for fact for Plaintiffs' claims and deny certification of a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper.

96.     The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical. Plaintiffs reasonably estimate that there are dozens of Rule 23 Illinois Class members. Rule 23 Illinois Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

**ANSWER:**

Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     There is a well-defined community of interest among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class.  These common legal and factual questions include, but are not limited to, the following:

a.      Whether the Rule 23 Illinois Class members were paid for all hours worked;

b.      Whether a contractual obligation existed for Defendants to pay the Rule 23 Class members for all hours worked;

c.      Whether Defendants' non-payment of wages for all compensable time amounted to a breach of contract;

d.      Whether the Rule 23 Illinois Class members are owed wages for time spent performing off-the-clock work activities, and if so, the appropriate amount thereof;

e.       Whether the Rule 23 Illinois Class members are owed wages for time spent working overtime, and if so, the appropriate amount thereof;

f.      Whether Defendants failed to compensate the Rule 23 Illinois Class members at an hourly rate above or equal to the minimum wage as established in accordance with the Illinois Minimum Wage Law ("IMWL").

**ANSWER:**

Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Plaintiffs' claims are typical of those of the Rule 23 Illinois Class in that they and all other Rule 23 Illinois Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.  Plaintiffs' claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims, and their legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

**ANSWER:**

Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Plaintiffs will fully and adequately protect the interests of the Rule 23 Illinois Class and have retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

**ANSWER:**

Defendants deny the allegations in Paragraph 99 of the Complaint.

100.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the state.

**ANSWER:**

Defendants deny the allegations in Paragraph 100 of the Complaint.

101.     This case will be manageable as a Rule 23 Class action.  Plaintiffs and their counsel know of no unusual difficulties in this case, and Defendants have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

**ANSWER:**

Defendants deny the allegations in Paragraph 101 of the Complaint.

102.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

**ANSWER:**

Defendants deny the allegations in Paragraph 102 of the Complaint.

103.     Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**ANSWER:**

Defendants deny the allegations in Paragraph 103 of the Complaint.

## XII.     CAUSES OF ACTION

### COUNT I

**Violations of the Federal Labor Standards Act,
29 U.S.C. § 201, *et seq*.
Failure to Pay Minimum Wage
(On Behalf Of the Putative Collective Class)**

104.     Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through

103 as if fully set forth herein.

105.     At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is

required. To the extent a response is deemed required, Defendants deny that they engaged in any

conduct that would give rise to a cause of action by Plaintiffs or the members of the collective

they seek to represent.

106.     During the relevant time period, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with 29 U.S.C. § 206.

**ANSWER:**

Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    During the relevant time period, Defendants willfully failed to compensate Plaintiffs and the members of the collective they seek to represent at an hourly rate above or equal to the minimum wage as established in accordance with 29 U.S.C. § 206.

**ANSWER:**

Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    As a result of the underpayment of minimum wages as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of Plaintiffs' reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 109 of the Complaint.

**COUNT II**

**Violations of the Federal Fair Labor Standards Act,**
**29 U.S.C. § 201, *et seq.***
**Failure to Pay Overtime**
**(On Behalf Of the Putative Collective Class)**

110.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through

109 as if fully set forth herein.

111.    At all times material hereto, Plaintiffs and the members of the collective they seek to represent were employees covered by the FLSA and entitled to the overtime protections set

forth in 29 U.S.C. § 207(a).

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the collective they seek to represent.

112.    Plaintiffs and the members of the collective they seek to represent regularly worked for Defendants in excess of 40 hours during each week.

**ANSWER:**

Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    At all times material hereto, Defendants failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular hourly rate for time worked in excess of 40 hours in any week.

**ANSWER:**

Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    At all times material hereto, Defendants willfully failed to compensate Plaintiffs and the members of the collective they seek to represent at one-and-one-half times their regular hourly rate for time worked in excess of 40 hours in any week.

**ANSWER:**

Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Plaintiffs and the members of the collective they seek to represent are entitled to payment of overtime in an amount to be determined at trial, in accordance with 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to liquidated damages in accordance with 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    As a result of the underpayment of overtime compensation as alleged above, Plaintiffs and the members of the collective they seek to represent are entitled to their litigation costs, including their reasonable attorneys' fees in accordance with 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 117 of the Complaint.

## COUNT III

**Violations of the Illinois Minimum Wage Law,
§§ 820 ILCS 105/1 *et seq*.
(On Behalf Of the Rule 23 Illinois Class)**

118.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 117 as if fully set forth herein.

119.    At all times relevant to the action, Defendants were an employer covered by the mandates of the Illinois Minimum Wage Law ("IMWL"), and Plaintiffs and the Rule 23 Illinois Class are employees entitled to the IMWL's protections.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. was the employer of Plaintiffs and Plaintiffs were the employees of Defendant IDAVM Group Enterprises, Inc. within the meaning of the IMWL.  Defendants deny that any of the remaining Defendants employed Plaintiffs within the meaning of the IMWL and deny that certification of a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper.   The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give

rise to a cause of action by Plaintiffs or the members of the collective they seek to represent.

120.    The Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq*. requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay for hours worked in excess of 40 per week. *See* § 820 ILCS 105/4; 820 ILCS 105/4a.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is

required. To the extent a response is deemed required, Defendants deny that they engaged in any

conduct that would give rise to a cause of action by Plaintiffs or the members of the collective

they seek to represent.

121.    820 ILCS 105/12(a) provides that if an employee is not paid in accordance with the Illinois Minimum Wage Law, "the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

**ANSWER:**

Defendants admit that Paragraph 121 of the Complaint accurately quotes a portion of 820

ILCS 105/12(a).  Defendants deny that they engaged in any conduct that would give rise to a

cause of action on the part of Plaintiffs pursuant to the IMWL or otherwise, and deny that

Plaintiffs are entitled to any relief.

122.    Defendants violated the IMWL by (i) regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint, (ii) failing to compensate Plaintiffs and the Rule 23 Illinois Class at an hourly rate above or equal to the minimum wage as established in accordance with Section 4 of the IMWL, and (iii) failing to pay Plaintiffs and the Rule 23 Illinois Class time-and-a-half their regular rate of pay for hours worked in excess of 40 per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    As a result, Plaintiffs and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IMWL at an amount to be proven at trial.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 123 of the Complaint.

**COUNT IV**

**Violations of the Illinois Wage Payment and Collection Act,**
**§§ 820 ILCS 115/1 *et seq*.**
**(On Behalf Of the Rule 23 Illinois Class)**

124.    Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 124 as if fully set forth herein.

125.    The Illinois Wage Payment and Collection Act ("IWPCA") defines "employer" and "employee" broadly.  820 ILCS 115/2. "Employer" includes any person or business entity, including employment placement agencies. "Employee" means an individual "permitted to work by an employer in an occupation".  *Id*.

**ANSWER:**

Defendants admit only that Plaintiffs accurately quote a portion of 820 ILCS 115/2.   The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the Illinois class they seek to represent.

126.    At all times relevant to the action, Defendants were an employer covered by the mandates of the IWPCA, and Plaintiffs and the Rule 23 Illinois Class are employees entitled to the IWPCA's protections.

**ANSWER:**

Defendants admit only that Defendant IDAVM Group Enterprises, Inc. was the employer of Plaintiffs and Plaintiffs were the employees of Defendant IDAVM Group Enterprises, Inc. within the meaning of the IWPCA.   Defendants deny that any of the remaining Defendants

employed Plaintiffs within the meaning of the IWPCA and deny that certification of a class pursuant to Rule 23 of Federal Rules of Civil Procedure is proper. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the collective they seek to represent.

127. The IWPCA, §§ 820 ILCS 115/1 *et seq.*, requires that, "All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

**ANSWER:**

Defendants admit that Paragraph 127 of the Complaint accurately quotes a portion of 820 ILCS 115/4. Defendants deny that they engaged in any conduct that would give rise to a cause of action on the part of Plaintiffs pursuant to the IMWL or otherwise, and deny that Plaintiffs are entitled to any relief.

128. The IWPCA requires every employer to pay full and "final compensation" to separated employees no later than the next regularly scheduled payday. 820 ILCS 115/5. "Final compensation" broadly includes wages, salaries, earned commissions, bonuses, the monetary equivalent of earned but unused vacation, and any other compensation owed pursuant to an employment contract or agreement between the two parties. 820 ILCS 115/2.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the Illinois class they seek to represent.

129. Under 820 ILCS 115/14(a), an employee aggrieved by an employer's violation of the IWPCA "shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

**ANSWER:**

Defendants admit that Paragraph 129 of the Complaint accurately quotes a portion of 820 ILCS 115/14(a). Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the Illinois class they seek to represent.

130.    Corporate officers or agents who "knowingly permit" a violation of the IWPCA are subject to personal liability. 820 ILCS 115/13.

**ANSWER:**

The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the Illinois class they seek to represent.

131.    Code Section 13-206 provides for a 10-year limitations period for claims based on the IWPCA. 735 ILCS 5/13-206.

**ANSWER:**

Defendants admit the allegations in Paragraph 131 of the Complaint. Defendants deny that they engaged in any conduct that would give rise to a cause of action by Plaintiffs or the members of the Illinois class they seek to represent.

132.    Defendants violated the IWPCA by (i) regularly and repeatedly failing to compensate Plaintiffs and the Rule 23 Illinois Class for the time spent on the work activities described in this Complaint, (ii) failing to compensate Plaintiffs and the Rule 23 Illinois Class at an hourly rate above or equal to the minimum wage as established in accordance with Section 4 of the IMWL, (iii) failing to pay Plaintiffs and the Rule 23 Illinois Class time-and-a-half their regular rate of pay for hours worked in excess of 40 per week, and (iv) failing to pay full and final compensation to Plaintiffs and other separated employees no later than the next regularly scheduled payday.

**ANSWER:**

Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    As a result, Plaintiffs and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiffs and the Rule 23 Illinois Class

are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IWPCA at an amount to be proven at trial.

**ANSWER:**

Defendants deny the allegations in Paragraph 133 of the Complaint.

**COUNT V**

**Breach of Contract**
**(On Behalf Of the Rule 23 Illinois Class)**

134.   Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

**ANSWER:**

Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through

133 as if fully set forth herein.

135.   At all times relevant to this action, Defendants had a contract with Plaintiffs and every other Rule 23 Illinois Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate.

**ANSWER:**

Defendants deny the allegations in Paragraph 135 of the Complaint.

136.   Each Rule 23 Illinois Class member's contractual hourly rate is identified in paystubs and/or other records that Defendants prepare as part of their regular business activities.

**ANSWER:**

Defendants deny the allegations in Paragraph 136 of the Complaint.

137.   Plaintiffs and every other Rule 23 Illinois Class member performed under the contract by doing their jobs and carrying out the off-the-clock work activities that Defendants required or accepted.

**ANSWER:**

Defendants deny the allegations in Paragraph 137 of the Complaint.

138.   By not paying Plaintiffs and every other Rule 23 Illinois Class member the agreed upon hourly wage for the off-the-clock activities performed, Defendants systematically breached their contracts with Plaintiffs and each member of the Rule 23 Illinois Class.

**ANSWER:**

Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Plaintiffs and the Rule 23 Illinois Class members' remedies under the FLSA are inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

**ANSWER:**

Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiffs and other Rule 23 Illinois Class members spent performing off-the-clock work activities, which is a fundamental part of an employer's job.

**ANSWER:**

Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    As a direct and proximate result of Defendants' breaches of the contracts alleged herein, Plaintiffs and every other member of the Rule 23 Illinois Class have been damaged in an amount to be determined at trial.

**ANSWER:**

Defendants deny the allegations in Paragraph 141 of the Complaint.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

**ANSWER:**

Defendants admit that Plaintiffs demand a trial by jury on all issues triable. Defendants deny any liability or wrongdoing or that Plaintiffs are entitled to any relief whatsoever. Defendants hereby demand a trial by jury on all issues triable.

## GENERAL DENIAL

Defendants specifically deny each and every allegation of Plaintiffs' Complaint not

specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs were not employees of any Defendant other than Defendant IDAVM Group Enterprises, Inc. within the meaning of the FLSA, the IMWL, and/or the IWPCA. Likewise, all Defendants other than Defendant IDAVM Group Enterprises, Inc. were not employers of Plaintiffs within the meaning of the FLSA, the IMWL, and/or the IWPCA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any members of the putative class or collective, are barred in whole or in part to the extent the exemptions, exclusions, exceptions, or credits provided in Sections 3 and 7 of the FLSA, 29 U.S.C. §§ 203 and 207, apply to their claims. In particular, the provisions of 29 U.S.C. § 203(m) and (t) define the eligibility requirements of the tip credit, as does corresponding Illinois law. Plaintiffs' claims are barred to the extent they seek to impose any different or greater requirements.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in the FLSA, IMWL, and/or IWPCA, or the limitations period for any asserted common law claim, such claims of Plaintiffs, and any member of the putative class or collective, are barred. Further, for limitations purposes,

any alleged violations were not willful, for the same reasons set forth in Defendants' Sixth Affirmative Defense.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred in whole or in part to the extent that the work performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

## SIXTH AFFIRMATIVE DEFENSE

Defendants at all times acted in good faith to comply with the FLSA, the IMWL, and the IWPCA, and with reasonable grounds to believe that its actions did not violate those statutes, and Defendants assert a lack of willfulness, reckless disregard, and/or intent to violate the FLSA, IMWL, and the IWPCA as a defense to any claim by Plaintiffs for liquidated damages or penalties thereunder. In particular, Defendants IDAVM Group Enterprises, Inc., IDAVM Multi Group Enterprises, Inc., and Marinov IM Power, Inc. adopted a tip credit in accordance with 29 U.S.C. § 203(m) and (t) and Illinois law, including that the tip credit would be taken only with respect to employees engaged in an occupations (e.g., delivery driver) in which they customarily and regularly receive at least $30 per month in tips. Further, Defendants IDAVM Group Enterprises, Inc.'s, IDAVM Multi Group Enterprises, Inc.'s, and Marinov IM Power, Inc.'s practices limit the time that tipped employees devote to non-tipped activities to no more than twenty (20) percent of working time, and tipped employees are not permitted to perform non-tipped occupations while clocked in at a tipped employee rate of pay.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as well as corresponding state law, to the extent actions taken in connection with Plaintiffs'

compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as well as corresponding state law, as to all hours during which Plaintiffs were engaged in activities that were preliminary or postliminary to their principal activities.  In addition, even assuming, *arguendo*, that Defendants had in fact failed to properly pay Plaintiffs as alleged in Plaintiffs' Complaint, which they deny, such activities do not constitute compensable work under the FLSA, and/or the IMWL, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs claims, and the claims of any member of the putative class or collective, are barred in whole or in part by the doctrine of *de minimis non curat lex*.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs, and any members of the putative class or collective, suffered a loss of wages, Defendants are entitled to offset any unpaid wages with other wages, compensation or benefits paid to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

The right of Plaintiffs, and the right of any members of the putative class or collective, to recover damages is barred, in whole or in part, to the extent they failed to take reasonable steps to mitigate such damages, if any.

-45-

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred in whole or in part by waiver, collateral estoppel, equitable estoppel, res judicata, laches, unclean hands and/or other equitable principles.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, and the claims of any members of the putative class or collective, arising under the FLSA and the IMWL fail because some or all of Plaintiffs were paid an average hourly rate that exceeded the applicable minimum wage, under the both statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate class representatives and their claims are not typical of the claims of any members of the alleged and purported class or collective.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the other individuals they purports to represent are barred as to each Defendant to the extent that their employer lacked actual or constructive knowledge of the hours they claim to have worked on behalf of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred by the doctrine of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any member of the putative class or collective, are barred because Plaintiffs and any putative collective action member have been paid all monies due and owing to them for work performed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or any putative collective action member seeks to bring this action

as a collective action under the FLSA, such action is barred because Plaintiffs or any putative collective action member cannot satisfy the requirements of the FLSA for a collective action.

## NINETEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that Defendants violated any provision of the FLSA, or the IMWL, which they deny, such violation was not pursuant to a uniform policy or plan. Plaintiffs' alleged injuries, and the alleged injuries of any members of the putative class or collective, were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Defendants are held liable for any unpaid overtime, such amounts should be calculated on a half-time basis.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

There was no contract or agreement, written or oral, between Plaintiffs and Defendants, or between any members of the putative class or collective and Defendants, supported by mutual assent, entitling Plaintiffs or others to any compensation beyond what they received.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of any members of the putative class or collective, are duplicative and, to the extent the damages claims are duplicative, such claims should be disregarded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims arising under the FLSA, and the same claims of any members of the putative class or collective, fail because Defendants are not enterprises engaged in commerce as defined by § 203(s)(1) of the FLSA. Likewise, Plaintiffs, and any members of the putative class

or collective, are not subject to individual coverage under the FLSA because they were not "engaged in commerce or in the production of goods for commerce" as contemplated under 29 U.S.C. § 207(a)(1).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs, as well as some or all of the members of the putative class or collective, lack standing or are otherwise not entitled to bring, maintain or participate in a collective action under the FLSA or class under Illinois law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to move the Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.


WHEREFORE, having fully answered the Complaint, Defendants request that this Honorable Court deny Plaintiffs, and any purported class or group, all of the relief requested in the Complaint. Defendants move the Court to dismiss the Complaint, with prejudice, in its entirety. Defendants further request that they be awarded their costs and attorneys' fees, to be paid by the named Plaintiffs.

Dated:          July 16, 2018                    Respectfully submitted,


                                                 /s/ John A. Ybarra
                                                 Attorney for Defendants


John A. Ybarra
LITTLER MENDELSON, P.C.
A Professional Corporation
321 North Clark Street
Suite 1000
Chicago, IL 60654
312.372.5520

## <u>CERTIFICATE OF SERVICE</u>

I, John A. Ybarra, an attorney, hereby certify that, on July 16, 2018, I caused a copy of

the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiffs' Collective/Class**

**Action Complaint and Jury Demand** to be filed electronically with the Clerk of the Court using

the Court's CM/ECF system, which will send notification to the following:

Thomas A. Doyle
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, IL 60603

Matthew L. Turner
Rod M. Johnston
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076

*/s/ John A. Ybarra*
John A. Ybarra